HAARMAN & REIMER CORPORATION, PLAINTIFF v. UNITED STATES, PHILIP M. KLUTZNICK, SECRETARY OF COMMERCE; ROBERT E. HERZSTEIN, UNDER SECRETARY OF COMMERCE FOR INTERNATIONAL TRADE, DEPARTMENT OF COMMERCE; ROBERT E. CHASEN, COMMISSIONER OF CUSTOMS; AND ALL DISTRICT DIRECTORS OF CUSTOMS, DEFENDANTS

Court No. 81-1-00027

(Dated January 15, 1981)

BOE, Judge: The above-entitled proceeding having duly and regularly been brought on for hearing pursuant to the application of the plaintiff for a temporary restraining order, directing the defendants to restrain from the liquidation of any and all unliquidated entries of menthol from the People's Republic of China entered, or withdrawn from warehouse, for consumption on or after October 16, 1980, the date which is 90 days before the date on which suspension of said merchandise was ordered (January 14, 1981), and

---

[6] Suffice it to say, that notwithstanding the denial of defendant's motion, the proffered alternative classification could not be sustained with respect to the subject merchandise. In headnote 3(a) to schedule 4 "mixtures" are defined as "substances consisting of two or more ingredients * * * which, however thoroughly commingled, retain their individual chemical properties and are not chemically united."

The very testimony of plaintiff's expert witness, Professor Gryte, upon which the defendant predicates the motion to amend its answer, serves to establish, without contradiction, that the subject powders are not a "mixture" within the defined limitations of the afore-quoted headnote. As previously noted, Professor Gryte in his testimony concludes that the dye colorant in the subject powders has not retained its individual chemical properties and that, in fact, the powders are a "homogeneous mixture", evidencing the dominating effect of the binding agent ethylcellulose.

The motion of the plaintiff for a preliminary injunction in like manner enjoining the defendants pending the final hearing and disposition of the within action, and

In said proceeding the plaintiff appearing by and through one of its attorneys, Terence P. Stewart, the defendants appearing by and through one of its attorneys, Sidney Weiss, and China National Native Produce and Animal By-Products Import and Export Corp. appearing by and through one of its attorneys, Don Cuneo, and

It appearing to the court that the plaintiff has failed to demonstrate any irreparable injury resulting from the denial of its application for a temporary restraining order in that any reference with respect thereto by plaintiff's counsel has only been of a speculative nature, and as expressly stated by plaintiff's counsel "most difficult to quantify", and

It further appearing that in the present opinion of this court the plaintiff has not demonstrated a reasonable likelihood of prevailing on the merits of the action in that a determination in favor of the plaintiff on the merits would result in this court creating a new cause of action under 19 U.S.C. 1581(i), as added by the Customs Courts Act of 1980, contrary to congressional intent, and

By reason of the foregoing this court deems it unwarranted to grant the extraordinary remedy afforded by a Temporary Restraining Order, now therefore, it is hereby

ORDERED that the application of the plaintiff for a temporary restraining order in the above-entitled action be and is hereby denied, and it is further

ORDERED that the defendants and any intervenors shall serve and submit to plaintiff's counsel their respective responses and accompanying briefs on plaintiff's motion for a preliminary injunction on or before Friday, January 23, 1981, and it is further

ORDERED that a hearing on plaintiff's motion for a preliminary injunction in the above-entitled action shall be held at the courthouse of the U.S. Court of International Trade in courtroom No. 3 thereof commencing at the hour of 10 a.m. on Tuesday, January 27, 1981.